**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4399**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

      v.

ELIJAH ELDON HEARNS,

             Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  David C. Norton, Chief District Judge.  (2:10-cr-00152-DCN-1)

Submitted:  December 6, 2011          Decided:  December 15, 2011

Before AGEE and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Russell Warren Mace, III, THE MACE FIRM, Myrtle Beach, South Carolina, for Appellant. William N. Nettles, United States Attorney, Alston C. Badger, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Elijah Eldon Hearns appeals the ninety-seven-month sentence imposed following his guilty plea to one count of possession with intent to distribute a quantity of Methylenedioxymethamphetamine ("MDMA") and a quantity of marijuana, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(C), (b)(1)(D) (West Supp. 2011); and one count of entering the United States at a time and place other than one designated by immigration officers, in violation of 8 U.S.C. § 1325(a)(1), (2) (2006). On appeal, Hearns argues that the district court erred in denying his motion to suppress MDMA and marijuana seized after Hearns was detained pending the arrival of a drug-sniffing canine following a routine traffic stop. Finding no reversible error, we affirm.

We review the factual findings underlying a district court's ruling on a motion to suppress for clear error and the court's legal conclusions de novo. United States v. Kelly, 592 F.3d 586, 589 (4th Cir.), cert. denied, 130 S. Ct. 3374 (2010). When evaluating the denial of a suppression motion, we construe the evidence in the light most favorable to the government, the prevailing party below. Id.

An automobile stop is a "seizure" falling under the Fourth Amendment's protection. Whren v. United States, 517 U.S. 806, 809-10 (1996). "Observing a traffic violation provides

2

sufficient justification for a police officer to detain the offending vehicle for as long as it takes to perform the traditional incidents of a routine traffic stop." United States v. Branch, 537 F.3d 328, 335 (4th Cir. 2008). A police officer may extend the detention beyond the scope of a routine traffic stop if the driver consents or the officer has reasonable suspicion of criminal activity. Id. at 336. To satisfy the reasonable suspicion requirement, a police officer "must simply point to specific and articulable facts which, taken together with rational inferences from those facts, evince more than an inchoate and unparticularized suspicion or hunch of criminal activity." Id. (internal quotation marks and citations omitted).

Hearns challenges the district court's conclusion that reasonable suspicion existed to detain Hearns pending the arrival of a canine unit following the issuance of a warning ticket to Hearns for following too closely. We hold that the district court did not err in determining that the police officer had reasonable suspicion of criminal activity based on the totality of the circumstances. When the officer stopped Hearns, he noticed a strong smell commonly associated with vehicle repairs, despite a lack of visible repairs to the

3

vehicle.[*] The floorboard of the car was littered with caffeinated and energy drinks, and Hearns appeared to be tired and nervous. Further, Hearns provided a highly unusual explanation for how he came to possess the car, and was unsure whether it was a rental. Taken together, this evidence was sufficient, as the district court stated, to "lead a reasonably trained officer to suspect that defendant was involved in transporting contraband in an altered vehicle over long distances, attempting to make few, if any stops along the way." Thus the officer had reasonable suspicion justifying Hearns's twenty to twenty-five minute detention following the officer's issuance of the warning ticket and pending the arrival of a drug-detecting canine.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] The officer had specialized training in hidden compartments and drug trafficking trends.

4